# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| TYLER LEGROS, Individually and on Behalf of All Others Similarly Situated,<br><br>v.<br><br>JANET ROUSSELL, SHELBY ROUSSELL, and ROCKY ROUSSELL. | Case No.: 6:17-cv-00506 |

## COMPLAINT

### SUMMARY

1. Defendants Janet Roussell, Shelby Roussell and Rocky Roussell rent solids control equipment (centrifuges, desanders, desilters, etc.) to the oil and gas industry. Defendants employed Field Service Technicians (FSTs) to operate, maintain, service and repair these machines. These employees regularly work over 84 hours per week, but defendants did not pay them overtime. Instead, Defendant simply paid them a flat amount for each day worked. Because this violates the Fair Labor Standards Act (FLSA), Tyler Legros and similarly situated FSTs are owed unpaid overtime wages and other damages.

### JURISDICTION & VENUE

2. This Court has federal question subject matter jurisdiction. *See* 28 U.S.C. § 1331 & 29 U.S.C. § 216(b).

3. Venue is proper because defendants do business in this District and a substantial part of the events alleged herein occurred in this District. *See* 28 U.S.C. §§ 1391 (b) & (c).

### PARTIES

4. Legros was an FST employed by Defendants. His written consent to this action is attached.

5. Legros brings this action on behalf of themselves and all other similarly situated FSTs who were paid on Defendants' day rate system. These employees are referred to collectively herein as the "Plaintiffs." or "Potential Class Members."

6. Defendants violated the FLSA because they paid FSTs a flat amount for each day worked with no overtime premium for hours worked in excess of 40 in a workweek, even though FSTs regularly worked over 84 hours in a workweek.

7. Defendants are the owners and executives of Mud Control Equipment, Co., the company that jointly employed Plaintiffs. Mud Control filed for bankruptcy on April 3, 2017 before paying Plaintiffs under a settlement agreement reached in *Legros v. Mud Control Equip. Co.*, No. 6:15-01082-RFD-PJH in the Western District of Louisiana.

## FACTS

8. Plaintiffs operated, maintained and serviced solids control equipment during their employment with Defendants.

9. Defendants own and operate Mud Control, which is a full-service solids control company providing solids control equipment and personnel to the oil and gas industry.[1]

10. In each of the past five years, Defendants' gross revenues exceeded $500,000.

11. Over the past five years, Defendants employed dozens of individuals – including Plaintiffs – as FSTs across Texas and Louisiana. These employees routinely handle or work on goods or materials – such as centrifuges, hard hats, tools, steel toe boots, automobiles, and cell phones – that moved in, or were produced for, interstate commerce.

---

[1] *See* http://www.mudcontrolequipment.com/

12. Defendants have, at all relevant times, paid their FSTs (including Plaintiffs) a day rate for the work they perform.

13. Defendants had the power to hire and fire their employees, including Plaintiffs, and they regularly exercised this authority.

14. Defendants set the amount of Plaintiffs' pay and the day rate pay plan.

15. Defendants controlled Plaintiffs' job locations.

16. Defendants set the employment policies and rules applicable to Plaintiffs.

17. Defendants maintained employment records on Plaintiffs, including payroll records and personnel files.

18. As nonexempt employees, the FSTs were entitled to overtime pay equal to one and one-half times their regular rates of pay for hours worked in excess of forty in a workweek.

19. Defendants, however, only paid their FSTs a flat amount per day for days they worked. Defendants did not pay their FSTs the additional overtime premium required by the FLSA.

20. Defendants' FSTs are non-exempt employees. While the precise job duties of the FSTs may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of 40 in a workweek. Furthermore, the FSTs perform similar job duties related to operating, maintaining and servicing solids control equipment.

21. An employer can pay non-exempt employees on a day rate basis if the employee receives overtime pay for hours worked in excess of 40 in a week. 29 C.F.R. § 778.112.

22. Defendants scheduled Plaintiffs, for 84 hours of work per week. The FSTs work 12-hour "tours," which run from 6 a.m. to 6 p.m. and 6 p.m. to 6 a.m.

23. Plaintiffs regularly worked 7 days per week.

24. Plaintiffs regularly worked more than 84 hours in a week because they often worked beyond their scheduled tours. These additional hours were necessary when there were problems with their machines or other FSTs needed help.

25. Defendants knows their FSTs work many more than 40 hours in a week. Defendants' records, which show days worked, reflect this fact, though Defendants did not keep records of the actual hours worked.

26. It is well established that blue collar workers – like Defendants' FSTs – are not exempt from the overtime provisions of the FLSA. Defendants know their FSTs are not exempt from the FLSA's overtime provisions (or the provisions of any similar state overtime laws).

27. Nonetheless, Defendants did not pay their FSTs overtime for hours worked in excess of forty in a workweek.

28. Defendants received several complaints from FSTs about their failure to pay overtime. Defendants, however, failed to correct their payroll policy.

## COLLECTIVE ALLEGATIONS

29. Defendants' practice of paying a day-rate with no overtime pay to non-exempt workers who work over forty hours in a workweek violates the FLSA.

30. Defendants' practice of paying a day rate with no overtime pay affects all the FSTs in a similar manner because, as explained above, the FSTs perform similar, non-exempt job duties related to the maintenance and operation of solids control equipment and they regularly work over forty hours per week.

31. They are also similar because they are regularly scheduled to work and actually work at least 12-hour tours, seven days per week, for a total of at least 84 hours per workweek. Accordingly, they are each owed overtime pay for the same reason as Legros and are similarly situated to Legros for the purposes of their overtime claims.

32. The collective action class is, therefore, properly defined as:

**All FSTs employed by Defendants since April 7, 2014.**

## CAUSE OF ACTION – VIOLATION OF THE FLSA

33. By failing to pay Plaintiffs overtime at one-and-one-half times their regular rates, Defendants violated the FLSA's overtime provisions.

34. Defendants owes Plaintiffs difference between the rate actually paid and the proper overtime rate. Because Defendants knew, or showed reckless disregard for whether, their pay practices violated the FLSA, it owes these wages for at least the past three years.

35. Defendants also owes Plaintiffs an amount equal to the unpaid overtime wages as liquidated damages.

36. Plaintiffs are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

## PRAYER

Wherefore, Plaintiffs prays for relief as follows:

- a. An order allowing this action to proceed as a representative collective action under the FLSA;
- b. Judgment awarding Plaintiffs all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;
- c. A service award for Legros as permitted by law;
- d. Pre- and post-judgment interest at the highest rate allowable by law; and
- e. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

**BRUCKNER BURCH PLLC**

By: ***/s/ Matthew S. Parmet***
　　　Matthew S. Parmet
　　　Louisiana Bar No. 32855
　　　David I. Moulton
　　　Texas Bar No. 24051093
　　　*seeking admission pro hac vice*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone:　(713) 877-8788
Telecopier:　(713) 877-8065
mparmet@brucknerburch.com
dmoulton@brucknerburch.com

Kenneth W. DeJean
Louisiana Bar No. 4817
**LAW OFFICES OF KENNETH W. DEJEAN**
417 W. University Ave.
P.O. Box 4325
Lafayette, LA 70502
Telephone:　(337) 235-5294
Telecopier:　(337) 235-1095
kwdejean@kwdejean.com

**Attorneys for Plaintiffs**